NIMMONS, Judge.
Appellant appeals from an order adjudging him in civil contempt for failure to make child support payments as previously ordered and requiring the appellant to make payment of at least $400 towards the $1600 arrearage within thirty days from the date of the contempt order in default of which an order would issue for appellant’s incarceration.
Appellant attacks the contempt order on the ground that the support order upon which it was based was deficient in several respects. We disagree and affirm *20 as to that issue. However, we agree with appellant’s additional argument which attacks the validity of the order insofar as it prospectively provides for his incarceration in the event he fails to pay $400 within a thirty-day period.
It is true (1) that the original support order created a presumption that the appellant had the ability to pay, thus placing a burden upon the appellant to establish that he did not have the ability to pay, Bowen v. Bowen, 471 So.2d 1274 (Fla.1985), and (2) that the appellant failed to dispel such presumption of ability to pay. However, as pointed out in Bowen, more is required before the court is authorized to incarcerate the defaulting party. Where a court proceeds on the basis of civil contempt, if incarceration is to be considered, the court must make a separate, affirmative finding that the contemnor possesses the present ability to comply with purge provisions of the contempt order. Id. at 1279. No such determination of the appellant’s present ability to pay was made in the instant case.
In view of our holding herein, we do not reach the remaining issues raised by the appellant.
The appealed order is reversed and the cause is remanded for further proceedings consistent with this opinion.
MILLS and ERVIN, JJ., concur.